**Absalom Frederick JORDAN, Jr.,**
**Appellant,**

v.

**UNITED STATES, Appellee.**

No. 5225.

District of Columbia Court of Appeals.

Argued Sept. 16, 1970.

Decided Oct. 20, 1970.

Absalom Frederick Jordan, Jr., pro se.

John O'B. Clarke, Jr., Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Zollie Richburg, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and NEBEKER, Associate Judges.

HOOD, Chief Judge.

Appellant was charged with violating D.C.Code 1967, § 22–801 which makes it an offense whenever anyone "having the charge or custody of any animal, either as owner or otherwise, inflicts unnecessary cruelty upon the same, or unnecessarily fails to provide the same with proper food, drink, shelter, or protection from the weather * * *." The trial court, sitting without a jury, found appellant guilty and imposed a sentence of $150 or 30 days in jail. Appellant here contends the evidence was insufficient to sustain the conviction. We agree.

The principal witness for the Government was a physician who testified that on January 10, 1970 at 11:00 a. m. he saw a full-grown German shepherd dog tied by a 3-foot chain on an open concrete back porch of appellant's home. He further testified that from a distance of about 40 yards he "thought the dog was undernourished; and, in addition, I thought the dog was

apathetic and depressed" and that in his opinion there was no "adequate shelter" for the dog. He returned to appellant's home at 2:00 p. m. and 3:00 p. m. that afternoon and observed the same conditions. The president of the Washington Humane Society, who arrived at appellant's home at 3:00 p. m. and a police officer, who arrived at appellant's home about 4:15 p. m., confirmed the physician's testimony regarding the dog being tied by a short chain on the open porch with no shelter. All witnesses testified that the weather was extremely cold that day. A certified copy of the United States Weather Bureau weather report for the day in question indicates that the temperature was 23° at 11:00 a. m., 28° at 2:00 p. m. and 3:00 p. m. and 27° at 4:00 p. m.

■ Although the witnesses testified they observed no food or water on the porch the trial court in finding appellant guilty made reference only to the fact that on the several occasions the dog was on the porch "in unusually cold weather." Since the trial court did not make any finding with respect to the charges of inflicting unnecessary cruelty or failing to provide proper food or drink [1] we assume the trial court limited its finding of guilt to a failure by the appellant to provide proper shelter or protection from the weather.[2] Consequently we review the evidence to determine whether it would sustain a finding that appellant failed to provide the dog with proper shelter or protection from the weather.

■ Before it can be determined that an animal is not supplied with adequate shelter and protection from the weather, it must first be determined what shelter or protection is necessary for the animal. This court professes no expertise on the subject of the care and handling of dogs, and we assume the trial court likewise had none and there was no expert testimony on the subject.[3] It is a matter of common knowledge that some breeds of dogs can remain exposed to extremely cold weather for many hours without injurious effects. In the absence of testimony by someone experienced in the care of a dog of this type, not necessarily a veterinarian,[4] that the shelter or protection from the weather supplied this dog on this occasion would tend to cause the dog to suffer, the evidence was insufficient to sustain the conviction.

Reversed with instructions to enter a judgment of acquittal.

1. Apparently the judge recognized that it was not necessary that a dog have access to food and water during every hour of the day. While the physician stated that he thought the dog was undernourished on his first visit at a view from 40 yards, he did not repeat this after the third visit when he had a much closer view of the dog. The dog was impounded but if it was examined upon being impounded there is nothing in the record to show what that examination disclosed.

2. Appellant could have been convicted of unnecessarily failing to provide the dog with proper food, drink, shelter, or protection from the weather without a finding that he inflicted unnecessary cruelty upon the dog. See Commonwealth v. Curry, 150 Mass. 509, 23 N.E. 212 (1890). See also Annotation at 82 A.L.R.2d 794 (1962).

3. Although it was stipulated at trial that the physician was a qualified physician we do not understand this stipulation to have the effect of qualifying the physician as an expert on the care and handling of dogs.

4. See Annotation at 49 A.L.R.2d 932 (1956).